UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/31/2022
```

--------------------------------------------------------------------X
                               :

RAYMOND SWAINSON,               :

                 Plaintiff,       :

                               :             21-cv-5380 (LJL)

     -v-                      :

                               :              ORDER

FIRSTMARK SERVICES et al,     :

                               :

                Defendants.    :

--------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff has filed a letter in response to the Court's order to show cause at Dkt. No. 21.
*See* Dkt. No. 22.  In that letter, Plaintiff states that he has confirmed that Defendants Firstmark
Services ("Firstmark") and TransUnion, LLC ("TransUnion") were timely served in state court
but fails to provide evidence of that assertion or state whether service was perfected before the
notice of removal was filed on June 17, 2021, Dkt. No. 1.  It is hereby ORDERED that, by **June
22, 2022**, Plaintiff shall submit the referenced affidavits of service to this Court and clarify
whether service was perfected prior to the notice of removal.

      Plaintiff also requests three weeks to serve Defendants Firstmark and TransUnion in the
federal action because he was unaware that he was supposed to serve those parties.  Dkt. No. 22.
Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after
the complaint is filed, the court . . . must dismiss the action without prejudice against the
defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  "[I]f the
plaintiff shows good cause for the failure, the court must extend the time for service for an
appropriate period."  *Id.*  In addition, "[c]ourts have discretion to grant equitable relief through
extensions for service in the absence of good cause."  *Kogan v. Facebook, Inc.*, 334 F.R.D. 393,
404 (S.D.N.Y. 2020); *see also Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).
When determining whether to grant such an extension, relevant considerations include: "(1)
whether any applicable statutes of limitations would bar the action once refiled; (2) whether the
defendant had actual notice of the claims asserted in the complaint; (3) whether defendant
attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by
extending plaintiff's time for service."  *Kogan*, 334 F.R.D. at 404 (quoting *DeLuca v. AccessIT
Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)).  "These factors are not dispositive,"
*Barbosa v. City of New York*, 2018 WL 4625620, at *3 (S.D.N.Y. Sept. 26, 2018), and "[c]ourts
may take other equitable considerations into account," *Kogan*, 334 F.R.D. at 404 (citation
omitted).

      Plaintiff's request is granted.  Plaintiff has failed to show good cause because Plaintiff

has not established that there were "circumstances beyond [his] control" that caused the lack of timely service and because "[a]n attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003. The Court, however, will grant Plaintiff equitable relief, particularly because there is some indication on the docket that Defendant TransUnion had actual notice of the claims asserted and because of Plaintiff's pro se status. *See* Dkt. No. 14 at 2 (stating that counsel for Defendant Experian Information Solutions, Inc. spoke with counsel for TransUnion about the action).

On the assumption that service of Defendants Firstmark and TransUnion was not perfected prior to removal, Plaintiff shall have until **June 22, 2022** to effect service and to file proof of service with the Court.

Plaintiff is also reminded that there is a legal clinic in this District that provides assistance, free of charge, to people who are parties in civil cases and do not have lawyers. The clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the Court. An unrepresented party can contact NYLAG via https://nylag.org/gethelp or by calling (212) 659-6190.

SO ORDERED.

Dated: May 31, 2022
   New York, New York           _____
                 LEWIS J. LIMAN
                United States District Judge